**In re Petition for DISCIPLINARY ACTION AGAINST Thomas J. BIETER, an Attorney at Law of the State of Minnesota.**

No. C1–90–2230.

Supreme Court of Minnesota.

Sept. 28, 1999.

ORDER

A February 23, 1999, petition for revocation of probation and for further disciplinary action, a March 29, 1999, supplementary petition for revocation of probation and for further disciplinary action, and an April 13, 1999, second supplementary petition for revocation of probation and for further disciplinary action have been filed in the above-entitled matter.

The petitions allege twelve counts of misconduct, including allegations of sexual harassment of four women who were clients and/or employees of respondent, violation of disciplinary probation ordered by this Court by failing to cooperate with the Director, failure to make restitution ordered by this Court, failure to timely file tax returns and pay taxes due, and incompetence, neglect and/or noncommunication in the representation of four clients.

The Director of the Office of Lawyers Professional Responsibility and respondent Thomas J. Bieter have entered into a stipulation for transfer to disability inactive status, which addresses the nature of respondent's current condition and recommends to the Court the transfer of respondent to disability inactive status without further proceedings.

The Court accepts the parties' stipulation.

IT IS HEREBY ORDERED that respondent Thomas J. Bieter is transferred to disability inactive status without further proceedings, effective immediately. All further proceedings in connection with the pending petitions for revocation of probation and for further disciplinary action are stayed during the period of disability inactive status. The Court imposes the following conditions:

1. During the period respondent is on disability inactive status he may not render legal advice, discuss legal matters with clients or otherwise engage in the practice of law.

2. Upon the filing of a petition for reinstatement to active status by respondent, the stay of disciplinary proceedings shall automatically be lifted. In addition to the requirements of Rules 28(d) and 18, Rules on Lawyers Professional Responsibility, the allegations of misconduct shall be considered in the reinstatement proceeding, and, as part of such reinstatement proceeding, the Director may recommend, and the Court may impose, the appropriate discipline, if any, for the alleged misconduct.

BY THE COURT:

Alan C. Page

Alan C. Page
Associate Justice